UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.:

Ginger Donat,
Idocia Caldwell,
Jeff Luscar,
Maria Montoya,
Pedro Rojas,
and other similarly situated individuals,

       Plaintiffs,

v.

M.U Consultants LLC,
Usman Tanveer, Alexander Francis,
and Micah Gilliam individually

       Defendants,

_____/

## **COLLECTIVE ACTION COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C. § 216(b))

      COME NOW Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, Pedro Rojas, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants M.U Consultants LLC, Alexander Francis, and Micah Gilliam individually, and allege:

<u>Jurisdiction Venues and Parties</u>

1.  This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the United States laws. Accordingly, this Court has

jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, Pedro Rojas are residents of Orange County, Florida, within the jurisdiction of this Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendant M.U Consultants LLC  (from now M.U. Consultants, or Defendant) is a Florida  Limited Liability Company, having a place of business in Orange County, Florida, where Plaintiffs worked for Defendant.

4. Defendant M.U. Consultants was the Employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. At all times material, Defendant was and is engaged in interstate commerce.

5. Individual Defendants Usman Tanveer, Alexander Francis, and Micah Gilliam are the owners/partners/and managers of Defendant Corporation M.U. Consultants. The individual Defendants are the Employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this Complaint occurred in Orange County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

7. This cause of action is brought by Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas as a collective action to recover from Defendants regular and overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA" or the "Act.") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after February 2022, (the "material time") without being adequately compensated.

8. Defendant is a for-profit organization providing health-related services. Defendant provided free Covid-19 testing to the general population.

9. Defendant M.U. Consultants was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is an institution engaged in health care activities connected to a public agency. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies

produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

10. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs were employed as Covid-19 testing technicians. To perform their work, Plaintiffs used the channels of interstate commerce and regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

11. Defendants M.U. Consultants, Usman Tanveer, Alexander Francis, and Micah Gilliam employed Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas as non-exempted, full-time employees approximately between February 01, 2022, and April 11, 2022.

12. Plaintiffs were hired as Covid-19 testing technicians. Plaintiffs wore nurse uniforms and performed free Covid-19 testing anywhere on the streets in the Orlando area.

13. At the time of their hiring, Defendants offered Plaintiffs a piece rate of approximately $12.00 per Covid-19 test performed.

14. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked five, six, and seven days weekly. Plaintiffs had

similar schedules, and they worked from 50 to 91 hours every week. The Plaintiffs were not able to take bonafide lunchtime.

15. Plaintiffs worked more than 40 regular hours per week, and they performed between 30 and 50 tests per day. However, Defendants did not pay Plaintiffs for their services at any rate, not even at the minimum wage rate, as required by law.

16. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about Plaintiff's number of working hours for the week.

17. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1). Defendants also failed to pay overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

18. On or about March 15, 2022, the Plaintiffs complained to the business owner Usman Tanveer about the lack of payment for regular and overtime wages for the last time. Defendant Usman Tanveer promised all the employees to fix the problem soon.

19. As a result of the Plaintiffs' complaints, Defendant Usman Tanveer, alleging pretextual reasons, fired Plaintiffs one by one during the following days.

20. At times mentioned, individual Defendants Usman Tanveer, Alexander Francis, and Micah Gilliam were the owners/partners, and they directed M.U. Consultants' operations. Defendants Usman Tanveer, Alexander Francis, and Micah Gilliam were the Employers of Plaintiffs and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of M.U. Consultants concerning its employees, including Plaintiffs and others similarly situated. Defendants Usman Tanveer, Alexander Francis, and Micah Gilliam had financial and operational control of the business and provided Plaintiffs with their work schedule. Accordingly, they are jointly and severally liable for the Plaintiffs' damages.

21. Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas seek to recover unpaid regular and overtime wages accumulated during their relevant time of employment with Defendants retaliatory damages, liquidated damages, and any other relief as allowable by law.

22. Plaintiffs are not in possession of time records, but they will provide a good faith estimate about their unpaid wages.

23. Plaintiffs have retained the law offices of the undersigned attorney to represent them individually and on behalf of the asserted class in this action and are obligated to pay reasonable attorneys' fees and costs.

<u>Collective Action Allegations</u>

24. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for regular hours and overtime hours at the rate of time and one-half their regular rate.

26. This action is intended to include every Covid-19 tester, nurse assistant, technician, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

27. Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas re-adopt every factual allegation stated in paragraphs 1-26 of this Complaint as if set out in full herein.

28. This action is brought by Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, Pedro Rojas, and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §

207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

29. Defendants M.U. Consultants, Usman Tanveer, Alexander Francis, and Micah Gilliam employed Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas as non-exempted, full-time employees approximately between February 01, 2022, and April 11, 2022.

30. Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas were hired as Covid-19 testing technicians.

31. Plaintiffs had the same duties, and at the time of hiring, Defendants offered Plaintiffs a piece rate of $12.00 per test performed.

32. While employed by Defendants, Plaintiffs had a regular, mandatory, and similar schedule, and they worked from five to seven days per week, more than 40 hours weekly. The Plaintiffs were not able to take bonafide lunchtime.

33. Plaintiffs worked in excess of 40 hours per week, but they were not paid for overtime hours, as required by the FLSA.

34. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the Plaintiffs' number of working hours for the week.

35. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

36. The records if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees upon information and belief. Therefore, Defendants violated the record-keeping requirements of FLSA, 29 C.F.R. Part 516.

37. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

38. Plaintiffs are not in possession of time records, but they will provide a good faith estimate about their unpaid overtime hours.

39. Plaintiffs' overtime damages are as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery is taken and payroll is received from Defendants. Plaintiffs will not be able to accurately calculate their hours week by week until such time as when they receive discovery from Defendant.

40. **1.- Plaintiff Ginger Donat- O/T for 4 weeks + 4 days owed $3,240.00**

Defendant employed Plaintiff Ginger Donat from February 13, 2022, to March 17, 2022, or 4 weeks and 4 days.

Relevant weeks: 4 weeks and 4 days
Piece rate: $12.00
Total days worked: 7 days weekly
Total hours worked: 91 hours weekly average (13 hours daily)
O/T hours: 51 hours
Paid weekly: $0.00
Florida Minimum wage 2022: $10.00 an hour x 1.5=$15.00
O/T rate: $15.00

i.  O/T for 4 weeks with 51 O/T hours
    $15.00 x 51 O/T hours=$765.00 weekly x 4 weeks=$3,060.00

ii. O/T for 4 days with 52 hours =12 O/T hours in 4 days
    $15.00 x 12 O/T hours=$180.00

41. **2.- Plaintiff Idocia Caldwell- O/T for 7 weeks+ 4 days owed $3,825.00**

Defendant employed Plaintiff Idocia Caldwell from February 17, 2022, to April 11, 2022, or 7 weeks and 4 days.

Relevant weeks: 7 weeks and 4 days
Piece rate: $12.00
Total weeks worked: 7 weeks and 4 days
Total days worked: 6 days weekly
Total hours worked: 75 hours weekly average (12.5 hours daily)
O/T hours: 35 hours
Paid weekly: $0.00
Florida Minimum wage 2022: $10.00 an hour x 1.5=$15.00
O/T rate: $15.00

i.   O/T for 7 weeks with 35 O/T hours
$15.00 x 35 O/T hours=$525.00 weekly x 7 weeks=$3,675.00

ii.   O/T for 4 days with 50 hours (10 O/T hours)
$15.00 x 10 O/T hours=$150.00

42. **3.- Plaintiff Jeff Luscar- O/T for 7 weeks+ 4 days owed $3,825.00**

Defendant employed Plaintiff Jeff Luscar from February 17, 2022, to April 11, 2022, or 7 weeks and 4 days.

Relevant weeks: 7 weeks and 4 days
Piece rate: $12.00
Total weeks worked: 7 weeks and 4 days
Total days worked: 6 days weekly
Total hours worked: 75 hours weekly average (12.5 hours daily)
O/T hours: 35 hours
Paid weekly: $0.00
Florida Minimum wage 2022: $10.00 an hour x 1.5=$15.00
O/T rate: $15.00

i.   O/T for 7 weeks with 35 O/T hours
$15.00 x 35 O/T hours=$525.00 weekly x 7 weeks=$3,675.00

ii.   O/T for 4 days with 50 hours (10 O/T hours)
$15.00 x 10 O/T hours=$150.00

43. **4.- Plaintiff Maria Montoya- O/T for 6 weeks owed $900.00**

Defendant employed Plaintiff Maria Montoya from February 01, 2022, to March 17, 2022, or 6 weeks and 2 days.

Relevant weeks: 4 weeks
Piece rate: $12.00
Total days worked: 5 days weekly
Total hours worked: 50 hours weekly average (10 hours daily)
O/T hours: 10 hours
Paid weekly: $0.00

Florida Minimum wage 2022: $10.00 an hour x 1.5=$15.00
O/T rate: $15.00

$15.00 x 10 O/T hours=$150.00 weekly x 6 weeks=$900.00

44. **5.- Plaintiff Pedro Rojas- O/T for 3 weeks owed $1,665.00**

Defendant employed Plaintiff Pedro Rojas from February 24, 2022, to March 16, 2022, or 3 weeks

Relevant weeks: 3 weeks
Piece rate: $12.00
Total days worked: 7 days weekly
Total hours worked: 77 hours weekly average (11 hours daily)
O/T hours: 37 hours
Paid weekly: $0.00
Florida Minimum wage 2022: $10.00 an hour x 1.5=$15.00
O/T rate: $15.00

$15.00 x 37 O/T hours=$555.00 weekly x 3 weeks=$1,665.00

45. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiffs and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

46. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these

overtime wages, as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

47. Defendants M.U. Consultants, Usman Tanveer, Alexander Francis, and Micah Gilliam willfully and intentionally refused to pay Plaintiffs overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States, and remain owing Plaintiffs these overtime wages since the commencement of Plaintiff's employment with Defendants.

48. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, Pedro Rojas, and other similarly situated individuals and against the Defendants M.U. Consultants, Usman Tanveer, Alexander Francis, and Micah Gilliam based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with

interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas demand a trial by a jury of all issues triable as of right by a jury.

## <u>COUNT II:</u>
## <u>FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>

49. Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas re-adopt every factual allegation as stated in paragraphs 1-26 of this Complaint, as if set out in full herein.

50. Plaintiffs bring this action to recover from the Employer M.U. Consultants unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

51. Defendant M.U. Consultants was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

52. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

> (1) except as otherwise provided in this section, not less than—

> (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

> (B) $6.55 an hour, beginning 12 months after that 60th day; and

> (C) $7.25 an hour, beginning 24 months after that 60th day

53. Defendants M.U. Consultants, Usman Tanveer, Alexander Francis, and Micah Gilliam employed Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas as non-exempted, full-time employees approximately between February 01, 2022, and April 11, 2022.

54. Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas were hired as Covid-19 testing technicians.

55. Plaintiffs had the same duties, and at the time of hiring, Defendants offered Plaintiffs a piece rate of $12.00 per test performed.

56. While employed by Defendants, Plaintiffs had a regular, mandatory, and similar schedule, and they worked from five to seven days per week, more than 40 hours weekly. The Plaintiffs were not able to take bonafide lunchtime.

57. Plaintiffs worked from 50 to 91 hours per week. However, Defendants did not pay Plaintiffs for their services.

58. There is a substantial number of working hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate, as required by law.

59. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the Plaintiffs' number of working hours for the week.

60. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1).

61. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

62. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

63. Before the completion of discovery, and to the best of Plaintiffs' knowledge, at the time of the filing of this Complaint, Plaintiffs' reasonable faith estimate of unpaid wages is as follows:

64. Plaintiffs' minimum wage damages are as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery is taken and payroll is received from Defendant. Plaintiffs will not be able to accurately calculate their hours week by week until such time as when they receive discovery from Defendant.
* Florida's minimum wage for 2022 is $10.00, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

65. **1.- Plaintiff Ginger Donat-Min. wage, 4 weeks + 4 days, owed $2,000.00**

Defendant employed Plaintiff Ginger Donat from February 13, 2022, to March 17, 2022, or 4 weeks and 4 days.

Relevant weeks: 4 weeks and 4 days
Piece rate: $12.00
Total days worked: 7 days weekly
Total hours worked: 91 hours weekly average (13 hours daily)
Paid weekly: $0.00
Florida Minimum wage 2022: $10.00 an hour

i. Minimum wages for 4 weeks with 40 hours
$10.00 x 40 regular hours=$400.00 weekly x 4 weeks=$1,600.00

ii. Minimum wages for 4 days with 52 hours
$10.00 x  40 regular hours=$400.00

66. **2.- Plaintiff Idocia Caldwell- Min. wage 7 weks+ 4 days, owed $3,200.00**

Defendant employed Plaintiff Idocia Caldwell from February 17, 2022, to April 11, 2022, or 7 weeks and 4 days.

Relevant weeks: 7 weeks and 4 days

Piece rate: $12.00
Total weeks worked: 7 weeks and 4 days
Total days worked: 6 days weekly
Total hours worked: 75 hours weekly average (12.5 hours daily)
Paid weekly: $0.00
Florida Minimum wage 2022: $10.00 an hour

i.   Minimum wages for 7 weeks with 40 regular hours
     $10.00 x 40 regular hours=$400.00 weekly x 7 weeks=$2,800.00


ii.  Minimum wages for 4 days with 50 hours
     $10.00 x 40 regular hours=$400.00

67. **3.- Plaintiff Jeff Luscar-Min. wages for 7 weeks+ 4 days, owed $3,200.00**

Defendant employed Plaintiff Jeff Luscar from February 17, 2022, to April 11,
2022, or 7 weeks and 4 days.

Relevant weeks: 7 weeks and 4 days
Piece rate: $12.00
Total weeks worked: 7 weeks and 4 days
Total days worked: 6 days weekly
Total hours worked: 75 hours weekly average (12.5 hours daily)
Paid weekly: $0.00
Florida Minimum wage 2022: $10.00 an hour

i.   Min. Wages for 7 weeks with 40 regular hours
     $10.00 x 40 regular hours=$400.00 weekly x 7 weeks=$2,800.00

ii.  Minimum wages for 4 days with 50 hours
     $10.00 x 40 regular hours=$400.00

68. **4.- Plaintiff Maria Montoya-Min. wages for 6 weeks, owed $2,600.00**

Defendant employed Plaintiff Maria Montoya from February 01, 2022, to March
17, 2022, or 6 weeks and 2 days.

Relevant weeks: 4 weeks
Piece rate: $12.00

Total days worked: 5 days weekly
Total hours worked: 50 hours weekly average (10 hours daily)
Paid weekly: $0.00
Florida Minimum wage 2022: $10.00 an hour

   i.  $10.00 x 40 regular hours=$400.00 weekly x 6 weeks=$2,400.00
  ii.  $10.00 x 10 regular hours=$100.00 daily x 2 days=$200.00

69. **5.- Plaintiff Pedro Rojas- Min. wages for 3 weeks, owed $1,200.00**

Defendant employed Plaintiff Pedro Rojas from February 24, 2022, to March 16, 2022, or 3 weeks

Relevant weeks: 3 weeks
Piece rate: $12.00
Total days worked: 7 days weekly
Total hours worked: 77 hours weekly average (11 hours daily)
Paid weekly: $0.00
Florida Minimum wage 2022: $10.00 an hour x 1.5=$15.00

$10.00 x 40 regular hours=$400.00 weekly x 3 weeks=$1,200.00

70. Defendants unlawfully failed to pay Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas minimum wages.

71. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these minimum wages since the commencement of Plaintiffs and those similarly situated employee's employment with Defendants as set forth above. Plaintiffs and those similarly situated are entitled to recover double damages.

72. Defendants M.U. Consultants, Usman Tanveer, Alexander Francis, and Micah Gilliam willfully and intentionally refused to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs these minimum wages.

73. Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, Pedro Rojas, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas and against the Defendants M.U. Consultants, Usman Tanveer, Alexander Francis, and Micah Gilliam based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

and

D. Award Plaintiffs reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, Pedro Rojas, and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

**<u>COUNT III:</u>**
**<u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;</u>**
**<u>PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS</u>**

74. Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas re-adopt every factual allegation as stated in paragraphs 1-26 of this Complaint as if set out in full herein.

75. Defendants' business activities involve those to which the Fair Labor Standards Act applies.

76. 29 USC § 206 (a) (1) states "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

77. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the

employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

78. Likewise, 29 USC 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……"

79. Defendants M.U. Consultants, Usman Tanveer, Alexander Francis, and Micah Gilliam employed Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas as non-exempted, full-time employees approximately between February 01, 2022, and April 11, 2022.

80. Plaintiffs were hired as Covid-19 testing technicians. At the time of their hiring, Defendants offered Plaintiffs a piece rate of $12.00 per test done.

81. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked from five to seven days per week, an average of 50 to 91 hours weekly.

82. Plaintiffs worked more than 40 hours per week. However, Defendants did not pay Plaintiffs for their services at any rate, not even at the minimum wage rate, as required by law.

83. Plaintiffs worked in excess of 40 hours per week, but they were not paid for overtime hours, as required by law.

84. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the Plaintiffs' number of working hours for the week.

85. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1). Defendants also failed to pay overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

86. Plaintiffs complained to the business owner Usman Tanveer about the lack of payment for regular and overtime wages twice.

87. These complaints constituted protected activity under the FLSA.

88. On or about March 15, 2022, the Plaintiffs complained to the business owner Usman Tanveer about the lack of payment for regular and overtime wages for the last time. Defendant Usman Tanveer promised all the employees to fix the problem soon.

89. This complaint constituted protected activity under the FLSA.

90. However, as a result of the Plaintiffs' complaints, Defendant Usman Tanveer, alleging pretextual reasons, fired Plaintiffs one by one during the following days.

91. At the time of their termination, the Plaintiffs were performing the essential functions of their position satisfactorily. There was no other reason than retaliation to fire them.

92. There is close proximity between Plaintiffs' protected activity and their termination.

93. The motivating factor which caused Plaintiffs' discharge, as described above, was their complaints seeking unpaid regular and overtime wages from Defendants. In other words, Plaintiffs would not have been discharged but for their complaints about unpaid regular and overtime wages.

94. Defendants' termination of Plaintiffs was in direct violation of 29 USC 215 (a)(3), and as a direct result, Plaintiffs have been damaged.

95. Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas respectfully request that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants M.U. Consultants, Usman Tanveer, Alexander Francis, and Micah Gilliam that Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiffs recover an award of reasonable attorney's fees, costs, and expenses.

D. Order the Defendants M.U. Consultants, Usman Tanveer, Alexander Francis, and Micah Gilliam to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and Pedro Rojas further pray for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiffs Ginger Donat, Idocia Caldwell, Jeff Luscar, Maria Montoya, and

Pedro Rojas demand a trial by a jury of all issues triable as of right by a jury.

Dated:  September 21, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:       (305) 446-1500
Facsimile:        (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*